UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MELISSA LATTIMORE,

    Plaintiff,

        v.                      CASE NO. 3:23-CV-1048-DRL-SJF

SIGNATURE HEALTHCARE OF
BREMEN, et al.,

    Defendants.

**OPINION AND ORDER**

Multiple filings are pending before the court, all of which stem from the parties' discovery dispute over the timing of written discovery responses and Plaintiff's deposition: (1) Defendant LP Bremen Management LLC's Motion for Extension of Time to Respond to Written Discovery dated July 15, 2024 [DE 25], (2) Plaintiff Melissa Lattimore's Motion in Opposition to Defendant's Motion for Extension of Time and to Compel Answers to Discovery dated July 24, 2024 [DE 26], and (3) Defendant's Response in Opposition to Plaintiff's Motion to Compel dated August 7, 2024 [DE 27]. These parties also filed a Joint Motion for Extension of Discovery, Dispositive motions, and Mediation Deadlines on October 4, 2024 [DE 33].

Based on the applicable law, facts, and arguments, Defendant's motion is denied, the relief requested in Plaintiff's response is denied, and the extensions of certain deadlines in this case requested in the parties' joint motion are granted.

I. **BACKGROUND**

As stated, the parties have reached an impasse in discovery based on their disagreement about how to sequence discovery responses.

On January 18, 2024, Defendant communicated its preference that Plaintiff's deposition occur "before engaging in any other discovery." [DE 25-2 at 2]. Defendant states that the parties initially agreed that Plaintiff's deposition would occur on April 29, 2024. [DE 25 at 3, ¶¶ 10, 12, 13]. Nothing in the record suggests that Plaintiff agreed to cease other discovery before her deposition. Plaintiff then issued written discovery to Defendant on March 4, 2024, which Defendant has not answered. [DE 26 at 1-3, ¶1, ¶3]. Instead, consistent with its preference communicated in January 2024, Defendant requested an extension of time "to respond to written discovery until the completion of the Plaintiff's deposition." [DE 25 at 1]. Plaintiff objects, contending that Defendant cannot delay responding to written discovery until after her deposition. [*See* DE 25]. Still, Defendant noticed up Plaintiff's deposition on June 10, 2024, for June 12, 2024[1]. [*See* DE 25-11 at 2-3]. Plaintiff refused to sit for her deposition.

Unable to resolve these discovery disputes between them, the parties have brought a Joint Motion for Extension of Discovery, Dispositive Motions, and Mediation Deadlines on October 4, 2024 [DE 33]. The joint motion seeks to extend the deadlines found in the February 12, 2024, Scheduling Order. [DE 15].

---

[1] Such short notice is contrary to the Local Rules of the Northern District of Indiana. Specifically, "[a]ttorneys must schedule depositions with at least 14-days' notice, unless opposing counsel agrees to shorter notice or the court orders otherwise." N.D. Ind. L.R. 30-1(b). Defendant did not include the deposition notice as an exhibit to its motion or briefs in support. However, Plaintiff does not dispute its validity.

**II.    STANDARDS**

Federal Rule of Civil Procedure 26 provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville,* 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.,* 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see Adams v. Target,* 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle,* 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth."). At this point in the case, the parties do not dispute that the information each party is seeking is relevant to the litigation. Therefore, the court assumes that the information sought by each party is within the scope of Rule 26.

**III.   ANALYSIS**

    **A. Defendant's Motion to Extend Discovery Until After Plaintiff's Deposition. [DE 25].**

Defendant requests that the court enter an order that "Defendant does not have to answer written discovery until the completion of the Plaintiff's deposition." [DE 25 at 5, ¶ 24]. Defendant argues that an early deposition of Plaintiff was requested so that Plaintiff's testimony and factual statements could be obtained prior to her receipt of "a copy of Defendant's investigative file and other documents that may alter the Plaintiff's testimony." [*Id*.] Defendant further argues that "[a]llowing the Plaintiff to have access to the Defendant's discovery responses prior to her deposition will be prejudicial and may impact the outcome of this case." [*Id*. at 5, ¶ 25].

At the outset, the court acknowledges that the report of the parties' planning meeting did not contain a stipulation to the timing and sequence for the methods of discovery to be used. [*See* DE 13]. Consequently, the court's Rule 16(b) Scheduling Order entered on February 12, 2024, did not mandate any particular timing and sequence for discovery. [*See* DE 15]. Thus, the court turns to the Federal Rules of Civil Procedure.

Prior to 1970, "priority to question a witness was given to the party who issued the notice of deposition. This rule was abolished" in the 1970 iteration of the Federal Rules of Civil Procedure. *Lumpkin v. Kononov*, No. 2:12-CV-320, 2013 WL 1343666, at *1 (N.D. Ind. Apr. 3, 2013). The Advisory Committee Comments that year explained that the change was intended "to eliminate any fixed priority in the sequence of discovery,

4

and . . . to make clear and explicit the court's power to establish priority by an order issued in a particular case." 48 F.R.D. 487, 506. Rule 26(d)(3) now provides:

> Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> (A) methods of discovery may be used in any sequence; and
>
> (B) discovery by one party does not require any other party to delay its dis-covery."

Fed. R. Civ. P. 26(d)(3).

Accordingly, Defendant's initial request to schedule Plaintiff's deposition does not control the order in which discovery occurs. Indeed, the court is vested with authority to determine deposition priority if it is appropriate under the circumstances.

Defendant has not presented sufficient evidence to conclude that Plaintiff will alter her testimony after review of the Defendant's responses to the written discovery. Instead, Defendant's position is based only on speculation. At the Plaintiff's deposition, Defendant will have the opportunity to ask Plaintiff questions about her preparations for the deposition, including what documents she reviewed with her attorney to prepare for the deposition, and can also compare the Plaintiff's answers with information in the Defendant's investigative file. Without more, the court cannot find that Defendant's argument is persuasive. It is not appropriate for the court to determine that Plaintiff's deposition takes priority here.

Therefore, Defendant's request for delay of responding to Plaintiff's written discovery until after Plaintiff has been deposed is **DENIED**.

### B. Plaintiff's Combined Motion in Opposition and to Compel Written Discovery. [DE 26].

Plaintiff styles her response as a combined motion in opposition to the relief Defendant seeks and as a motion to compel. [DE 26]. Plaintiff's response in opposition to Defendant's motion requests that the court compel Defendant to respond to Plaintiff's written discovery within 20 days, for the court to deem that the matters contained in the requests for admission be admitted, and for Defendant to pay Plaintiff her attorney's fees and costs. [*Id*. at 4, ¶¶16, 18-19].

But Plaintiff's motion is procedurally deficient in numerous ways, requiring denial. Local Rule 7-1(a) requires that motions seeking new relief be filed separately. Further, Local Rule 7-1(b) requires that parties file a supporting brief with any motion under Federal Rule of Civil Procedure 37. Federal Rule of Civil Procedure 37(a)(1) requires that any motion for an order compelling discovery includes a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37-1 further requires that a party filing any discovery motion must also file a separate certification that she has "conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." If the required certification is not filed, then the court may deny the discovery motion. N.D. Ind. L.R. 37-1(b).

First, Plaintiff's motion to compel—contained within its response—is not properly filed under Local Rule 7-1(a). *See St. Paul Fire & Marine Ins. Co. v. Schilli*

*Transp. Servs., Inc.,* No. 2:08cv176, 2010 WL 2629485, at *2 (N.D. Ind. June 28, 2010) (citing to Rule 7–1 and concluding that "defendant's Motion to Strike contained within its Response is not a properly filed motion and will not be addressed."). Plaintiff's motion likewise fails to contain a supporting brief as required by Local Rule 7-1(b).

The motion also fails to include a separate certification as required by Local Rule 37-1(a). Plaintiff has attached some correspondence regarding her motion. Plaintiff's attached correspondence does not meet the requirements of Local Rule 37-1(a). Further still, this correspondence does not show a good faith effort to resolve the parties' discovery dispute under Rule 37(a)(1). *See Imbody v. C & R Plating Corp.,* No. 1:08–cv–218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (concluding that several letters exchanged between counsel did not constitute a good faith conference); *Shoppell v. Schrader,* No. 1:08–cv–284, 2009 WL 2515817, at *1–2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Forest River Hous., Inc. v. Patriot Homes, Inc.,* No. 3:06–cv–841, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *Pinkham v. Gen. Prods. Corp.,* No. 1:07–cv–174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference). Letters merely "recit[ing] each parties' general stance on the issue rather than any type of bartering or negotiations . . . does not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R.

Civ. P. 37(a)." *In re FedEx Ground Package Sys., Inc.*, No. 3:05–MD–527, 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007).

These procedural deficiencies warrant a denial of the specific relief requested in Plaintiff's response.

Even though Plaintiff's motion must be denied, the Court remains mindful of the mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Ordering Defendant to provide information to Plaintiff pursuant to her routine written discovery requests avoids gamesmanship and promotes Rule 1. Orderly discovery encourages the search for truth and the most efficient resolution of litigation. *See Bamcor LLC v. Jupiter Aluminum Corp.*, No. 2:08 cv 194, 2010 WL 4955545, at *1 (N.D. Ind. Nov. 29, 2010). The parties' impasse in this case provides ample illustration for this conclusion. Thus, the Court will **ORDER** the parties to meet and confer to determine: (1) a deadline for Defendant to first respond to Plaintiff's written discovery, and (2) a date for Plaintiff's deposition to occur sometime shortly thereafter. The parties shall file a joint report on **October 18, 2024**, informing of the Court of the anticipated deadlines to complete this outstanding discovery. As discussed below, the Court will grant the parties' Joint Motion for Extension to accommodate the completion of this discovery.

  C. **Joint Motion for an Extension of Certain Deadlines in the Scheduling Order. [DE 33].**

The parties request an approximately 90-day extension of the deadlines for discovery, mediation, and dispositive motions in this case. Agreement of the parties

alone does not justify modifications to the Court's Rule 16(b) Scheduling Orders. Fed. R. Civ. P. 16(b)(4) only allows modifications of Rule 16(b) Scheduling Orders "for good cause and with the judge's consent." The good cause standard "primarily considers the diligence of the party seeking amendment" of a deadline. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Good cause exists when a movant shows that "despite [his] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Here, the parties' discovery dispute has significantly delayed the completion of discovery. [DE 33 at 1, ¶ 1]. Because the Court has now resolved the issue related to Plaintiff's deposition, it will grant the parties' joint motion. The case management deadlines outlined in the February 12, 2024, Scheduling Order [DE 15] are hereby **EXTENDED** as follows:

- The deadline for the parties to complete all discovery is **January 30, 2025**;
- The deadline for the parties to engage in mediation is **February 18, 2025**;
- The deadline to file any discovery-related nondispositive motion is **January 2, 2025**;
- The deadline to file any dispositive motion is **March 3, 2025**.

IV. **CONCLUSION**

For these reasons, the Court hereby **DENIES** Defendant's Motion for Extension of Time to Respond to Written Discovery [DE 25], **DENIES** the Plaintiff the relief requested in her Motion in Opposition to Defendant's Motion for Extension of Time and to Compel Answers to Discovery [DE 26], and **GRANTS** the parties' Joint Motion for Extension of Discovery, Dispositive Motions, and Mediation Deadlines [DE 33].

**SO ORDERED** this 9th day of October 2024.

                                                    s/Scott J. Frankel  
                                                    Scott J. Frankel  
                                                    United States Magistrate Judge